UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of HANSAINVEST Hanseatische Investment-GmbH in respect of the fund Aramea Rendite Plus; Trinity Investments Designated Activity Company; BFAM Asian Opportunities Master GP Limited as general partner of BFAM Asian Opportunities Master Fund, L.P.; Caspian Select Credit Master Fund, Ltd.; Caspian Solitude Master Fund, L.P.; Caspian HLSC1, LLC; Caspian SC Holdings, L.P.; Caspian Focused Opportunities Fund, L.P.; Blackstone Alternative Investment Funds plc in respect of its fund Blackstone Diversified Multi Strategy Fund; Blackstone Alternative Multi Strategy Sub Fund IV, LLC; Citadel Equity Fund Ltd.; Citadel Equity (Ireland) Designated Activity Company; Biwa Fund Ltd.; CQS Dedicated Multi Strategy Fund Ltd.; CQS Directional Opportunities Master Fund Ltd.; Gracechurch Opportunities Fund Limited; CQS Global Funds ICAV in respect of its sub-fund CQS ACS Fund; CQS Aiguille du Chardonnet MF S.C.A. SICAV-SIF; Farmstead Master Fund, Ltd., OC 530 Offshore Fund, Ltd.; NB 530 Offshore Fund, Ltd.; Greywolf Event Driven Master Fund; KLS Diversified Master Fund GP Ltd. as general partner of KLS Diversified Master Fund, L.P.; Lex Financial Investments (Luxembourg), S.à r.l.; Marathon Credit Dislocation Fund, L.P.; Marathon Blue Grass Credit Fund, L.P.; Marathon Centre Street Partnership, L.P.; Gold Coast Capital Subsidiary I Ltd.; TRS Credit Fund, L.P.; Marathon European Credit Opportunity Master Fund II, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Monarch Master Funding 2 (Luxembourg) S.a.r.l.; SC Lowy Primary Investments, Ltd.; SPC Lux S.à.r.l.; Sound Point Credit Opportunities GP LLC as general partner of Sound Point Credit Opportunities Master Fund, L.P.; Sound Point Montauk GP, LLC as general partner of Sound Point Montauk Fund, L.P.; Stonehill Master Fund | Civil Action No.<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

Ltd.; Stonehill Institutional Partners, L.P.; TT International Hedge Funds SPC in respect of the segregated portfolio TT Event Driven Fund Segregated Portfolio; and TT International Fund Ltd. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding

Applicants, based upon the concurrently filed memorandum of law and supporting declaration, and pursuant to 28 U.S.C. § 1782, respectfully apply to this Court for an order authorizing it to serve subpoenas substantially in the form of Exhibits A, B, and C (the "Proposed Subpoenas") for the production of documents by Cerberus Capital Management, L.P., ("Cerberus"), J.C. Flowers & Co. LLC ("J.C. Flowers"), and GoldenTree Asset Management L.P. ("GoldenTree"). The Proposed Subpoenas direct Cerberus, J.C. Flowers, and GoldenTree to produce documents for use in a contemplated proceeding in Germany against HSH Nordbank AG ("HSH") regarding violations of German law in connection with HSH's sale to a consortium of private investors.

This application meets the requirements of Section 1782. Applicants will be interested parties in the German proceeding and seek discovery for use in that proceeding. Respondents, which have their principal places of business in New York City, can be found in this District. Respondents will not be participants in the German proceeding. Applicants are not using this application to circumvent the requirements of any foreign tribunal, and there is no indication that the German court would not be receptive to the discovery. Finally, the discovery sought is highly relevant to the contemplated proceeding and is neither unduly burdensome nor intrusive. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262-65 (2004).

Section 1782 applications are commonly received and granted *ex parte*, with any privilege issues raised and resolved through a motion to quash made after a subpoena has been

authorized and issued. *See, e.g., In re Hornbeam Corp.*, 2018 WL 416486, at *2 (2d Cir. Jan. 16, 2018) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte."); *In re Mesa Power Grp. LLC*, 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012) ("[I]t is 'appropriate for this Court to issue the order on an ex parte basis, without prejudice to the rights of the subpoenaed parties to file a motion to vacate or quash' within thirty days of the issuance of this order.").

WHEREFORE, Applicants respectfully request that this Court enter an Order:

1. Approving Applicants' application for discovery; and

2. Granting issuance of the Proposed Subpoenas substantially in the form in which they appear herein; and

3. Directing Cerberus, J.C. Flowers, and GoldenTree to produce the documents in their possession, custody, or control, as requested in the Proposed Subpoenas.

DATED:  New York, New York
July 2, 2018

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: /s/ Daniel L. Brockett
Daniel L. Brockett
Jeremy Andersen (*pro hac vice* application forthcoming)
Thomas J. Lepri

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Attorneys for Applicants*