UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re Application of

HANSAINVEST HANSEATISCHE
INVESTMENT-GmbH ET AL

Petitioner for an Order Pursuant to 28 U.S.C. § 1782
Granting Leave to Obtain Discovery for Use in a Foreign
Proceeding

18-MC-310 (ALC)

**OPINION & ORDER**

-------------------------------------------------------------

**ANDREW L. CARTER, JR., District Judge:**

## SYLLABUS

In aid of a contemplated proceeding in Germany, Applicants seek documents located in the United States and abroad, pursuant to 28 U.S.C. § 1782. Judge Richard J. Sullivan granted the application in its entirety. While it is clear that the statute authorizes courts to compel the production of documents located inside the United States, the extra-territorial reach of that statute presents an issue of first impression in this circuit. After this case was reassigned to me, I granted a stay of Judge Sullivan's entire decision, pending outcome of the appeal. Upon reconsideration, the stay will be limited only to the documents held outside of the United States.

## PROCEDURAL HISTORY

On July 2, 2018, Hansainvest Hanseatische Investment-GmbH, along with multiple other entities, (hereinafter, "Applicants") filed an Application seeking an order to obtain discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. ECF No. 1 ("App."). Applicants sought documents from Cerberus Capital Management, L.P., J.C. Flowers & Co. LLC, and GoldenTree Asset Management L.P. (hereinafter, "Respondents"). Specifically, Applicants were in pursuit of an order compelling the production of "documents for use in a contemplated

proceeding in Germany against HSH Nordbank AG ("HSH") regarding violations of German law in connection with HSH's sale to a consortium of private investors." App. p. 2.

On December 17, 2019, Judge Richard J. Sullivan, to whom this case was initially assigned, granted Applicants' Application. ECF No. 37 ("Sullivan Op."). Judge Sullivan found "that the statutory requirements of Section 1782 [had] been satisfied and that the discretionary factors weigh[ed] in favor of Applicants." *Id.* p. 10. Judge Sullivan granted the Application in its entirety with respect to documents held by U.S. custodians, and required Applicants to both assume the costs of production as well as indemnify Respondents against any foreign data privacy law breaches for those documents held extraterritorially. *Id.* p. 1.

On January 10, 2019, this case was reassigned to the undersigned. Shortly thereafter, Respondents filed their respective Notices of Appeal of Judge Sullivan's Order. ECF Nos. 40-42. On the same day, Respondents filed a Motion to Stay pending their appeal. ECF Nos. 43-45.

On January 23, 2019, prior to the filing of any opposition to Respondents' Motion to Stay, this Court granted Respondents' Motion and stayed discovery pending resolution of Respondent's appeal or the issues raised in that appeal. ECF No. 48. In a Letter dated January 24, 2019, Applicants indicated their intention to oppose Respondents' Motion. ECF No. 49. Applicants filed their Opposition on January 28, 2019. ECF Nos. 51-53.

On February 5, 2019, this Court granted Applicants leave to file a Motion for Reconsideration of this Court's decision on Respondents' Motion to Stay. ECF No. 55. Pursuant to the corresponding briefing schedule ordered by the Court, Applicants filed their Motion for Reconsideration on March 5, 2019. ECF Nos. 60. On March 19, 2019, Respondents opposed Applicants' Motion. ECF Nos. 61-62. Applicants filed a Reply on April 2, 2019. ECF No. 65.

Both Applicants' Motion for Reconsideration and Respondents' Motion to Stay are considered fully briefed. For the aforementioned reasons, Applicants Motion for Reconsideration is hereby **GRANTED**. Upon review, this Court's Order on Respondents' Motion to Stay is hereby **MODIFIED**.

## DISCUSSION

### I. Motion for Reconsideration

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Walker v. Carter*, 2016 WL 6820554, *2 (S.D.N.Y. Feb. 4, 2016) (citing *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). A court will grant such a motion in only three circumstances: where the party seeking reconsideration (1) identifies an intervening change of controlling law; (2) identifies the availability of new law; or (3) identifies the need to correct a clear error or prevent manifest injustice. *See Berg v. Kelly*, 343 F.Supp.3d 419, 424 (S.D.N.Y. 2018) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)). The standard for granting such a motion is strict, and the decision to grant or deny a motion for reconsideration is one committed to the discretion of the district court. *See Salveson v. JP Morgan Chase & Co.*, 663 Fed.Appx.71, 75 (2d Cir. 2016) (internal quotations omitted); *Sigmon v. Goldman Sachs Mortgage Company*, 229 F.Supp.3d 254, 257 (S.D.N.Y. 2017). "The rule is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Ackerman v. Ackerman*, 920 F.Supp.2d 473, 474 (S.D.N.Y. 2013) (internal quotations omitted).

Here, the Court granted Respondents' Motion to Stay prior to receiving an Opposition from Applicants. *See* ECF No. 48. As such, the Court was not able to fully consider the

arguments presented by Applicants in response to Respondents' Motion. *See Buell v. Mildworm*, 1998 WL 63402, at *1 (Feb. 17, 1998). In an abundance of caution, and to prevent injustice, this Court grants Petitioners' Motion for Reconsideration for the purposes of more fully evaluating the arguments in support and in opposition to Respondents' Motion to Stay.

## II. Motion to Stay Proceedings

Respondents initially sought a stay based on their pending appeal of Judge Sullivan's determination on the Application. *See* Resps'. Mem. Supp. Mot., ECF No. 44 ("Resp. Mot."). Respondents appeal Judge Sullivan's decision on two grounds. First, Respondents claim that 28 U.S.C. § 1782 does not extend extraterritorially, and their appeal of that decision is one of first impression. *Id.* pp. 6-7. Second, Respondents appeal Judge Sullivan's interpretation of the first and third of the *Intel* factors – the discretionary requirements an Applicant must meet in order to succeed on a Section 1782 Application. *Id.*

### a. Standard of Review

The decision on whether to grant a stay in litigation is also one committed to the sound discretion of the district court. *See Meyer v. Kalanick*, 203 F.Supp.3d 393, 394 (S.D.N.Y. 2016) (quoting *Virginia Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). In making that determination, courts consider four factors: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Strougo v. Barclays PLC*, 194 F.Supp.3d 230, 233 (S.D.N.Y. 2016) (quoting *U.S. S.E.C. v. Citigroup Glob. Markets, Inc.*, 673 F.3d 158, 162 (2d Cir. 2012)). While, courts in this district render the first and second factors as the most critical in this analysis, a movant "cannot prevail by showing a mere

4

possibility of success or harm." *In re Application of Hornbeam Corp.*, 2017 WL 2241522, at \*1 (S.D.N.Y. May 22, 2017) (quoting *Southerland v. Ernst & Young LLP*, 856 F.Supp.2d 638, 641 (S.D.N.Y. 2012)); *see Meyer*, 203 F.Supp.3d at 394 (citing *Nken v. Holder*, 555 U.S. 418, 435 (2009)).

### b. Upon Reconsideration, an Analysis of the *Intel* Factors Supports a Partial Stay of Discovery

As stated, Respondents appeal Judge Sullivan's decision on two grounds. First, Respondents claim that Section 1782 does not apply extraterritorially. *See* Resp. Mot. Second, Respondents challenge Judge Sullivan's interpretation and application of the first and third *Intel* factors. *See id.* For the following reasons, and after reconsidering the *Intel* factors, this Court agrees with Respondents, in part.

#### i. Respondents have Satisfied the Likelihood of Success Prong with Respect to Foreign-Held Documents, but Not Documents Held in the United States

Regarding Respondents argument about the application of Section 1782 to foreign-held documents, Courts within this district have stated that an appeal that presents an issue of first impression satisfies the merits prong of the analysis. *See In re Accent Delight International Ltd.*, 2018 WL 7473109, at \*1 (S.D.N.Y. June 27, 2018) (collecting cases); *Jock v. Sterling Jewelers, Inc.*, 738 F.Supp.2d 445, 447 (S.D.N.Y. 2010). While this Court sees no reason to question the judgment of Judge Sullivan, the Court of Appeals may disagree, "and for that reason alone the plaintiffs have sufficiently demonstrated a likelihood of success on the merits" as it pertains to foreign-held documents. *Jock*, 738 F.Supp.2d at 447.

Regarding Respondent's Appeal of Judge Sullivan's interpretation of the *Intel* factors, Respondents carry a heavier burden. Respondents' *Intel* related arguments do not provide an issue of first impression. Rather, Respondents simply disagree with Judge Sullivan's

determination. *See* Resp. Mot. pp. 14-18. The Second Circuit reviews decisions on Section 1782 applications for abuse of discretion. *See Gorsoan Limited v. Bullock*, 652 Fed.Appx. 7, 9 (2d Cir. 2016).

In his Opinion, Judge Sullivan thoroughly considered each *Intel* factor. *See* Sullivan Op. pp. 6-10. In regards to the first factor, Judge Sullivan determined that:

> "the weight of authority in this district supports the view that the relevant inquiry is whether the foreign tribunal has the ability to control the evidence sought and order production, not whether the tribunal has control over the party targeted by the application."

Sullivan Op. p. 6 (quoting *Ex Parte Application of Porsche Automobil Holding SE*, 2016 WL 702327, at *7 (S.D.N.Y. Feb 18, 2016)).

In considering the third factor, Judge Sullivan held:

> "[T]he fact that litigation is primarily foreign in nature cannot, standing alone, justify denial of a Section 1782 application. Put simply, the Court is not persuaded that the Applicants have engaged in any improper or bad faith evasion of German procedures."

Sullivan Op. p. 8.

In support of their request to stay discovery pending appeal, Respondents regurgitate arguments that Judge Sullivan rejected. *See* Resp. Mot. 15-17. As such, Respondents have not demonstrated a "strong or even substantial case on the merits" that Judge Sullivan's initial interpretation of the discretionary *Intel* factors was incorrect. *In re Application of Hornbeam Corp.*, 2017 WL 2241522, at *1. Therefore, Respondents have not sufficiently demonstrated a likelihood of success on the merits, as required, and the first factor weighs against granting a stay as it pertains to the documents held within the United States. *See Strougo*, 194 F.Supp.3d at 233.

> ii. **Respondents have Failed to Demonstrate Irreparable Injury Absent a Stay**

6

Respondents' claims of irreparable harm are identical for both arguments challenging Judge Sullivan's decision. Respondents claim that "[o]nce the documents are produced, Applicants will have access to information to which they are not entitled. The harm cannot be remedied."[1] Resp. Mot. p. 18. While Respondents concern is noted, it is one common to every Section 1782 case. Courts considering that precise argument have been adamant in stating that "[t]he mere fact that information, once disclosed, cannot be "undisclosed" is ... not enough by itself to warrant a finding of irreparable harm." *In re Noguer*, 2019 WL 1034190, at *4 (S.D.N.Y. March 5, 2019) (citing *In re Platinum Partners Value Arbitrage Fund LP*, 2018 WL 3207119, at *6 (S.D.N.Y. June 29, 2018)); *see In re Aso*, 2019 WL 2572491, at *3 (S.D.N.Y. June 21, 2019). Further, protective orders are feasible safeguards to prevent unauthorized and malicious use of any disclosed materials, and Petitioners have already agreed to negotiate the entry of a protective order. Pet'rs' Mem. Opp. Mot. p. 12, ECF No. 51 ("Pet. Opp."); *see In re Application of Hornbeam Corp.*, 2017 WL 2241522, at *2; *In re Noguer*, 2019 WL 1034190, at *4. As such, upon reconsideration, this Court determines that Respondents have not demonstrated irreparable harm, and thus, the second factor weighs against granting a stay. *See Strougo*, 194 F.Supp.3d at 233.

### iii. Respondents have Failed to Demonstrate that Applicants will Not be Prejudiced

While Respondents claim that Applicants will suffer no harm, Appliants do, in fact, bear some risk should the stay be continued wholesale. Resp. Mot. pp. 20-21. While the timeline of the German litigation has been less than clear, there is no indication that this stay would be "brief," as Respondents allege. *Id.* p. 21; *see* Pet. Opp. pp. 12-17. As courts in this district have

---

[1] Respondents pose additional arguments in support of their claim of irreparable harm, however the gist of all arguments is the same – once disclosed, they will be unable to claw back the documents. *See* Resp. Mot. pp. 18-20.

concluded, "[f]urther delay would thus risk depriving Petitioners of their ... final chance to present any new evidence." *In re Noguer*, 2019 WL 1034190, at *4 (citing *In re Gushlak*, 2012 WL 2564466, at *8 (E.D.N.Y. 2012) ("[I]f this court grants the requested stay, the Applicant runs the risk that the [foreign proceeding] may be brought to a close without the discovery.")). While Applicants have not presented the strongest case of substantial injury, it is clear that there is some risk to Applicants' ability to utilize the documents requested. As such, while this factor may not weigh in favor of denying the stay, it also does not weigh in favor of granting the stay. *See Strougo*, 194 F.Supp.3d at 233.

### iv. The Public's Interest is in Full Disclosure

Respondents claim that "the public interest is served by preserving the status quo pending resolution of [the] appeal." Resp. Mot. p. 21. However, in general, discovery serves the "public's interest in justice, fair play, and full disclosure ... as well as truth in foreign actions." *In re Application of Hornbeam Corp.*, 2017 WL 2241522, at *2 (quoting *In re Application of Chevron Corp.*, 709 F.Supp. 2d 283, 310 (S.D.N.Y. 2010)). As such, the fourth and final factor weighs against granting a stay.

## CONCLUSION

For the reasons outlined above, Petitioner's Motion for Reconsideration is hereby **GRANTED**, and the Court hereby **MODIFIES** its original stay Order. ECF No. 48. Respondents' request for a stay is hereby **GRANTED**, in part, and **DENIED**, in part.

Upon reconsideration, the factors outlined above weigh in favor of affirming this Court's grant of a stay as it pertains to the discovery of extraterritorial documents – a question on appeal presenting an issue of first impression. However, the stay factors weigh against sustaining this

this Court's grant of a stay as to the production of documents in the possession, custody, and control of U.S. custodians.

In sum, extraterritorial discovery in this case is hereby **STAYED** pending the resolution of the issues of first impression currently on appeal. Respondents are otherwise **ORDERED** to comply with Judge Sullivan's original order granting the Application as it pertains to documents in the possession, custody, and control of U.S. custodians.

The Parties are hereby **ORDERED** to file a Joint Status Report on or before December 15, 2019.

**SO ORDERED.**

**Dated:** October 4, 2019
New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge