**quinn emanuel** trial lawyers | new york

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

October 11, 2019

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   *In re Application of HANSAINVEST Hanseatische Investment-GmbH et al.*, No. 18-MC-310

Dear Judge Carter:

      We write to request a pre-motion conference regarding the lifting of the partial discovery stay in effect in the above-captioned action. Last week, this Court found a stay of discovery from non-U.S. custodians warranted because Respondents had shown a sufficient likelihood they would succeed on appeal in arguing that Section 1782 cannot be applied extraterritorially. *See* Dkt. 67 ("Recon. Order"). But just a few days later, the Second Circuit resolved that issue in Applicants' favor. *See In re del Valle Ruiz*, 2019 WL 4924395 (2d Cir. Oct. 7, 2019) (attached hereto for the Court's convenience). Applicants respectfully submit that this change of circumstance means they should now be allowed to proceed fully with the discovery Judge Sullivan approved almost a year ago.

      As a brief reminder, this case involves a Section 1782 application filed by certain entities (Applicants) seeking discovery assistance for use in a foreign proceeding (the German litigation) by way of document subpoenas to be served on three U.S. entities (Respondents). Judge Sullivan approved the application last year, and the subpoenas were duly served. This Court granted Respondents' request to stay their discovery obligations pending appeal. Last week, the stay was narrowed.

      Only one of the factors regarding a court's consideration of a stay order is relevant here: "whether the stay applicant has made a strong showing that she is likely to succeed on the merits." Recon. Order at 4.[1] On that factor, the Court reached a different conclusion based on

---

[1] The other factors remain unchanged from where they were when the Court found it appropriate to lift the stay with respect to documents in the possession of U.S. custodians. This Court found that: Respondents have failed to demonstrate irreparable injury, Recon. Order at 6-7; uncertainty surrounding the pace of the foreign litigation meant the risk to Applicants did not

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

the nature of the two questions presented by Respondents' appeal.  The Court maintained the stay "as it pertains to the discovery of extraterritorial documents."  *Id*. at 8.  This was because the statutory-interpretation question regarding Section 1782's extraterritorial reach was an "issue of first impression."  *Id*. at 5, 8.  By contrast, the Court lifted the stay as to "documents in the possession, custody, and control of U.S. custodians."  *Id.* at 9.  This was because the abuse-of-discretion question regarding the application of the *Intel* factors put a "heavier burden" on Respondents to show a likelihood of success.  *Id.* at 5.  Respondents did not meet that burden where Judge Sullivan demonstrably "considered" the specific facts of this case.  *Id.* at 6.

Days after this Court's reconsideration order, the Second Circuit held that "a district court is *not* categorically barred from allowing discovery under § 1782 of evidence located abroad."  *Ruiz*, 2019 WL 4924395, at *8 (emphasis added).  Respondents' appeal on the extraterritorial issue thus has virtually no chance of success:  The question of statutory interpretation Respondents raised has now been settled by the Second Circuit in Applicants' favor.

To suggest otherwise, Respondents may now turn to argue to this Court that Judge Sullivan should not have allowed extraterritorial discovery on the facts of *this* case.  But Respondents cannot meet their "heavier burden," Recon. Order at 5, of showing a strong likelihood of success on such an abuse-of-discretion question.  Indeed, Respondents' appeal did not even present that question,[2] showing even they recognize the thoroughness of Judge Sullivan's order.  He expressly considered Respondents' arguments that "many of the documents are located in Europe, entailing logistical difficulties and exposure to foreign data privacy laws."  Dkt. 48 at 9.  And he granted the application "with respect to documents held by *foreign* custodians only to the extent that" Applicants took on customized financial obligations.  *Id.* at 9.

The decision whether to lift a stay, like the decision whether to grant one, is committed to "the broad discretion of the court."  *Smolen v. Brauer*, 177 F. Supp. 3d 797, 802 (W.D.N.Y. 2016).  A stay should be lifted when "[t]he reason the Court originally imposed . . . the stay of th[e] action is no longer compelling."  *Id.* at 803.  In light of *Ruiz*, "there is no reason for the stay to remain in place."  *Henneberry v. Sumitomo Corp. of Am.*, 532 F. Supp. 2d 523, 555-56 (S.D.N.Y. 2007).  Applicants therefore respectfully request the Court to lift the discovery stay in its entirely.

The parties have conferred on this issue.  Applicants understand Respondents will be opposing the request.

---

weigh strongly in favor of or against the stay, *id.* at 7-8; and the public's interest in the pursuit of truth weighed against the stay, *id.* at 8.

[2]   That is, Respondents' appeal on the extraterritorial issue raised only the statutory interpretation question of whether Section 1782 authorizes extraterritorial discovery *at all*, regardless of circumstance.  It is thus not even clear the Second Circuit will entertain any belated suggestion that Judge Sullivan abused his discretion in allowing extraterritorial discovery on the specific facts of this case.

Respectfully submitted,

/s/ Daniel L. Brockett

Daniel L. Brockett

cc:  All Counsel of Record (via ECF)